IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHILLIP A. HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-299-GMS |
| | ) | |
| THOMAS CARROLL, DENNIS SPENCE, | ) | |
| DCC CLASSIFICATION DEPARTMENT, | ) | |
| DEPUTY WARDEN PIERCE, and | ) | |
| DCC RECORDS DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

The plaintiff Phillip A. Hicks ("Hicks"), an inmate incarcerated at the Delaware Correctional Center ("DCC"), filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) Hicks moves the court to be relieved from paying the assessed filing fees. (D.I. 5.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claims against Thomas Carroll, the DCC Classification Department, and the DCC Records Department are dismissed for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The motion to request indigence will be denied.

**I.  THE COMPLAINT**

Hicks alleges that he was to be placed in population from May 4, 2005 to May 9, 2005. for a conviction of civil contempt. Hicks alleges that he had open charges, he could not post bail, but he was never moved to pretrial status. Hicks alleges that he notified counselor Dennis

Spence ("Spence") that he was a pretrial detainee but that Spence did not notify the classification department to have Hicks moved even though Spence knew that sentenced and unsentenced inmates are not to be commingled. Hicks was assaulted by another inmate on August 2, 2005.

Hicks also alleges that the DCC Classification Department was negligent in failing to move him. He alleges that DCC was fully informed of his status as of May 10, 2005, and that he should have been transferred to the pretrial housing unit, but remained where he was from approximately May 6, 2005 to August 2, 2005. Hicks alleges that he is now classified in maximum security for one offense, even though he does not have an excessive write-up or high classification score.

Hicks alleges he wrote several grievances and letters to classification but received no response. He also wrote to Deputy Warden Pierce ("Deputy Warden "Pierce"), and alleges that Deputy Warden Pierce made no decision regarding the issue, but instead referred it to a treatment administrator. Hicks alleges he "still did not receive any response."

Hicks alleges that Warden Thomas Carroll ("Warden Carroll") is involved because he is the warden at DCC and all the parties involved are subject to his authority. Hicks alleges that the DCC Records Department is involved because it had knowledge of his sentence and his pretrial detention, but allowed him to stay in an unauthorized area.

## II.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any

time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

### A. Respondeat Superior

Hicks seeks to hold Warden Carroll liable on the basis of his supervisory position. Supervisory liability cannot be imposed under 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389

(1989)).

There is nothing in the complaint to indicate that Warden Carroll was the "driving force [behind]" the alleged constitutional violations. Moreover, the complaint does not indicate that Warden Carroll was aware of Hicks' allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. Accordingly, the claim against Warden Carroll is dismissed inasmuch as it has no arguable basis in law or in fact.

**B.     Persons - 42 U.S.C. § 1983**

Hicks raises claims against the DCC Classification Department and the DCC Records Department. To state a claim under §1983, a plaintiff must allege that a person acting under color of law deprived him of his rights. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986). These two defendants are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Therefore, they are not proper defendants to this action and all claims against them will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**IV.    MOTION TO REQUEST INDIGENCE**

Hicks filed, and the court granted, a motion to proceed *in forma pauperis*. (D.I. 1, 3.) In doing so, the court followed the requirements of 28 U.S.C. § 1915(b)(1) and assessed an initial partial filing fee. Hicks now moves the court to be relieved from payment of the filing fee due to his incarceration, his security level, and his inability to obtain employment in the prison facility.

Section 1915 provides that if a prisoner brings a civil action *in forma pauperis*, he shall be required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). Hicks opted to file this lawsuit, and he is required by statute to pay the filing fee. 28 U.S.C. § 1914; 28 U.S.C. §

1915. Therefore, his motion will be denied.

## IV. CONCLUSION

Based upon the foregoing analysis, the claims against the defendants Thomas Carroll, DCC Classification Department and DCC Records Department are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Hicks may proceed with his remaining claims. The motion to request indigence is denied. An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_August 9_____, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHILLIP A. HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-299-GMS |
| | ) |
| THOMAS CARROLL, DENNIS SPENCE, | ) |
| DCC CLASSIFICATION DEPARTMENT, | ) |
| DEPUTY WARDEN PIERCE, and | ) |
| DCC RECORDS DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington this 9th day of August, 2006, for the reasons set forth in the Memorandum issued this date, IT IS HEREBY ORDERED that:

1. The motion to request indigence is DENIED (D.I. 5).

2. The claims against the defendants Thomas Carroll, DCC Classification Department, and DCC Records Department are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

3. The court has identified cognizable claims within the meaning of 28 U.S.C. § 1915 and § 1915A(b) against defendants Dennis Spence and Deputy Warden Pierce. Hicks is allowed to proceed against these defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Hicks shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for the **remaining defendants Dennis Spence and Deputy Warden Pierce**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). Hicks has provided the court with one copy of the complaint (D.I. 2) for service upon each remaining defendant. **Hicks is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for each remaining defendant and the Attorney General of the State of Delaware within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the completed "U.S. Marshal 285" form(s) as required by paragraph 2 above, the United States Marshal shall serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the

complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
UNITED STATES DISTRICT JUDGE